CHEHARDY, Judge.
Defendant, Darryl Bartholmew, appeals a district court decision finding the defendant an habitual offender under the terms of LSA-R.S. 32:1472 and ordering him to submit his driver’s license.
The records of the Department of Public Safety, State of Louisiana, Driver Central Bureau, show that between the date of January 15, 1975 and November 12, 1979, Bartholmew was convicted of a number of traffic offenses including driving while intoxicated on two occasions and driving while under suspension or revocation of his license on two other occasions.
LSA-R.S. 32:1472 establishes that three or more convictions within a five-year period of the therein listed offenses constitute one as an habitual offender. Two of those convictions listed are operating or attempting to operate a vehicle while under the influence of liquor or drugs and driving a motor vehicle while the license permit or privilege to drive has been suspended or revoked.
In regard to his conviction of driving while intoxicated, defendant argued in the trial court that he was never given an examination demonstrating the free and voluntary nature of a plea of guilty with an articulated waiver of his constitutional rights, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and, in connection with a multiple offender hearing, as required for those pleas of guilty used to enhance a sentence by State v. Lewis, 367 So.2d 1155 (La.1979). He also argued that the defendant pleaded *1183 guilty to these offenses without an attorney. However, a review of the record establishes that it was noted on three of the four offenses used as the basis of the habitual offender conviction that defendant was advised by the court of his rights to counsel. Since only three such offenses are needed within any five-year period to establish habitual offender status, we hold that the defendant’s arguments in this regard are lacking in merit.
Defendant further contended that under the holding of State v. Graham, 360 So.2d 853 (La.1978), all convictions prior to that decision wherein a defendant was found guilty by reason of the findings of a machine determining the amount of alcohol in a person’s body were effectively overruled. He also has maintained that because the two DWI violations forming the basis of part of the habitual offender status were committed by the defendant prior to the effective date of the Graham case that status is an invalid one. We cannot agree with these contentions, however, because the record does not reveal that any such test was the basis for the defendant’s convictions.
For the reasons assigned, therefore, the trial court decision is affirmed.
AFFIRMED.