0025

Ex parte LA QUINTA MOTOR INNS, INC., Respondent. In re GREENVILLE COUNTY BOARD OF ZONING APPEALS, S. W. Day, Zoning Administrator, Greenville County, South Carolina Appellant.

(310 S. E. (2d) 438)

Court of Appeals

*Clifford F. Gaddy, Jr.,* of *Gaddy & Davenport,* Greenville, *for appellant.*

*James H. Cassidy,* of *Robertson & Cassidy,* Greenville, *for respondent.*

Dec. 19, 1983.

CURETON, Judge:

La Quinta Motor Inns, Inc., applied to the Greenville County Board of Zoning Appeals for a variance from the County Zoning Ordinance. The Board refused to grant the variance, and La Quinta appealed the denial to the circuit court. The circuit court reversed the Board and granted La Quinta the requested variance. The Board now appeals. We reverse the Order of the lower court.

La Quinta applied for the variance to enable it to construct a sign 85 feet in height in a C-2 zoning district that had a height limitation of 45 feet. A hearing was held by the Board at which time both parties had an opportunity to present evidence. The Board thereafter issued its findings of fact and conclusions of law wherein it denied the variance. Although an adjoining property contained an 85 foot sign, the Board found that the adjoining sign was constructed prior to the effective date of the zoning ordinance and constituted a non conforming use. The Board also found that La Quinta knew or should have known when it acquired the property that a 45 foot sign would have its view obscured by the terrain and planned highway overpasses. The Board reasoned that La Quinta failed to establish special conditions and circumstances that did not result from its own actions.

The lower court found that construction of the overpasses constituted special conditions and circumstances that were peculiar to La Quinta's land. Since La Quinta played no role in the construction of the overpasses, the lower court found the

special conditions and circumstances were not the result of La Quinta's actions.

The findings of the Zoning Board of Appeals should be upheld if its decision is based on sufficient evidence. *Hodge v. Pollock,* 223 S. C. 342, 75 S. E. (2d) 752 (1953); *Application of Groves,* 226 S. C. 459, 85 S. E. (2d) 708 (1955). Likewise, its decision should stand unless it is arbitrary or clearly erroneous. *Talbot v. Myrtle Beach Board of Adjustment,* 222 S. C. 165, 72 S. E. (2d) 66 (1952).

The pertinent Greenville County Zoning ordinance provides that the Board of Zoning Appeals may authorize such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions, a literal enforcement of the provisions of the ordinance would result in unnecessary hardship or peculiar and exceptional practical difficulties. It further provides: "A variance from the terms of this ordinance may be granted by the Board upon a finding:
. . .

(c) The special conditions and circumstances do not result from the actions of the applicant."

Here La Quinta failed to demonstrate that the special conditions and circumstances did not result from its own actions. It knew or should have known at the time it acquired the property that the visibility of a 45-foot high sign would be partially obscured.

In *Rush v. City of Greenville,* 246 S. C. 268, 143 S. E. (2d) 527 (1965), our Supreme Court recognized that a claim of unnecessary hardship cannot be based upon conditions created by the owner nor, can one who purchases property after the enactment of a zoning ordinance complain that refusal to permit a nonconforming use would work an unnecessary hardship upon him.

La Quinta had the burden of presenting evidence that special conditions existed which would warrant the granting of a variance. *Application of Grove, supra.* It did not meet that burden. The evidence sustains the Board's conclusion that the special conditions and circumstance resulted from La Quinta's own actions. The Board's decision cannot be said, then, to be clearly erroneous or arbitrary.

Accordingly, we reverse the lower court.

SHAW and GOOLSBY, JJ., concur.