0953

C. D. BISHOP and Martha Taylor Bishop, Appellants v. William K. HIGH-TOWER, Jr., Barry W. Sawyer, Avery W. Wood, Jr., Ladson D. Tankersly, and Helen B. Donald, as members of the Greenville County Board of Zoning Appeals, and S. W. Day, as Zoning Administrator for Greenville County, Respondents, and Metromont Materials Corp., Intervenor-Respondent.

(356 S. E. (2d) 420)

Court of Appeals

*J. D. Todd, Jr.*, and *Earle G. Prevost*, both of *Leatherwood, Walker, Todd & Mann*, of Greenville, *for appellants.*

*Clifford F. Gaddy*, of *Foster, Gaddy & Foster*, of Greenville, *for respondents.*

*Bradford W. Wyche*, of *Wyche, Burgess, Freeman & Parham*, of Greenville, *for Intervenor-Respondent.*

Heard March 16, 1987.

Decided May 4, 1987.

SHAW, Judge:

This is a zoning case. Appellants, C. D. Bishop and Martha Taylor Bishop, appeal a circuit court ruling upholding a decision by the respondent, Greenville County Board of Zoning Appeals, allowing respondents, Metromont Materials Corporation, to build and operate a concrete batching facility in an area zoned S-1 (Service District). We affirm.

The Zoning Board's findings of fact are final and conclusive on appeal. Appeal to the circuit court is only for a determination of whether the Board's decision is correct as a matter of law. S. C. Code Ann. § 6-7-780 (1976). Further appeal to the Supreme Court is in the same manner as appeals from other circuit court judgments in law cases. S. C. Code Ann. 6-7-790 (1976). On appeal, the Zoning Board's decision should not be interfered with "unless it is arbitrary or clearly erroneous." *Ex parte LaQuinta Motor Inns, Inc.*, 279 S. C. 598, 310 S. E. (2d) 438, 439 (Ct. App. 1983).

In February, 1985, Metromont received a building permit to build a concrete batching facility in an area zoned S-1. The respondent, S. W. Day, Greenville County Zoning Administrator, informed Metromont the zoning scheme allowed such a facility.

The raw materials used in making concrete are sand, gravel, water, and cement. These materials are combined at a concrete batching plant and loaded into trucks. The materials are mixed in the truck, forming concrete.

The uses of the property around Metromont's plant include: a school bus yard, a body shop owned by the Bishops, an aluminum smelting plant, a fence company, a tile company, a construction company, and residences.

The Bishops object to the plant because they fear the plant will produce increased dust, traffic, noise, and pollution, and generally devaluate their property. In April of 1985, they sought to have the Zoning Board of Appeals revoke the permit. A hearing was held on May 1, 1985. By the hearing date, the plant was nearly completely constructed. The Zoning Administrator testified he issued the permit because the zoning ordinance includes "building materials" as an allowable use of property in S-1 districts and the ordinance allows uses "compatible" with the specific

authorized uses. It is his opinion this plant is compatible with other S-1 uses.

The Zoning Board upheld the Administrator's decision and found as a fact, "Noxious odors, fumes, smoke, dust and noise should not be emitted beyond the property line of Metromont Materials, Inc." The circuit court affirmed and the Bishops then brought this appeal.

On appeal, the Bishops argue the concrete batching plant is an impermissable use in an area zoned S-1 and the plant violates the height restriction in the zoning ordinance.

The zoning ordinance reads, in pertinent part:

*Section 5:10 — S-1 Services District*

This district is established to provide a transition between commercial and industrial districts by allowing (1) commercial uses which are service-related; (2) service-related commercial uses which sell merchandise related directly to the service performed: (3) commercial uses which sell merchandise which requires storage in warehouses or outdoor areas; and (4) *light industries which in their normal operations would have a minimal effect on adjoining properties.*

All of the uses permitted in this district shall be conducted in such a manner that no noxious odor, fumes, smoke, dust, or noise will be admitted beyond the property line of the lots on which the use is located.

*Section 5:10.1 — Uses Permitted*

[Approximately 95 uses are listed, including the following]:

Building Materials
Manufacturing:
A. Processing of: Foodstuffs, beverages
B. Fabrication of: Cloth, Wood, Leather, Paper, Plastic, Metal
*Other uses that are considered to be compatible with the aforementioned uses.*

*Section 5:10.3 — Height Limitation*

No building or structure shall exceed forty-five (45) feet in height, except as provided in Article 6, *Section 6:7.*

*Section 6:7 — Height*

The following provisions qualify and supplement the specific height regulations set forth in Article 5.

*Section 6:7.2 — Other Structures*

Chimneys, elevators, poles, spires, tanks, towers, and other projections not used for human occupancy may exceed the district height limit.

(Emphasis added).

We hold the Zoning Board acted within its discretion ■ in upholding the Administrator's decision that the batching plant is compatible with the uses allowed in an S-1 district, and committed no error of law.

We also hold the Zoning Board did not commit an ■ error of law in finding the plant does comply with the ordinance's height restriction. The structure which the Bishops complain of is similar to a silo or tower. The raw materials are transported into the silo by conveyor belt and then transferred into the trucks. We hold this structure is allowable under the exceptions to the height restriction found in Section 6:7.2.

Affirmed.

GARDNER and BELL, JJ., concur.