2097

L. Russell BENNETT, Mr. and Mrs. Robert Smith, Mr. and Mrs. William Walker, Appellants v. SULLIVAN'S ISLAND BOARD OF ADJUST-MENT, and Muriel Metts, Respondents.

(438 S.E. (2d) 273)

Court of Appeals

*M. Lee Robertson, Jr.,* of *Mason & Robertson,* Mt. Pleasant, *for appellants.*

*S. Thomas Worley, Jr.* and *Lawrence A. Dodds, Jr.,* Mt. Pleasant, *for respondents.*

Heard Nov. 4, 1993.

Decided Dec. 6, 1993.

GOOLSBY, Judge:

L. Russell Bennett, Mr. and Mrs. Robert Smith, and Mr. and Mrs. William Walker (the appellants) appeal from a circuit court order upholding the grant of a variance by Sullivan's Island Board of Adjustment to Muriel Metts. We affirm.

## BACKGROUND

Metts owns an ocean front lot in the town of Sullivan's Island. Recent changes in the Sullivan's Island setback requirements made it impossible for Metts to build a home on her lot unless she received a variance from the Board of Adjustment.

Metts applied for such a variance, which was granted to her with certain stipulations. The appellants are property owners on Sullivan's Island who opposed the grant of the variance. They appealed to the circuit court, which affirmed the grant of variance.

## I.

The appellants first argue the Board of Adjustment erred in granting the variance because the conditions affecting Metts' property are not peculiar to that property. This argument refers to the requirements of S.C. Code Ann. § 6-7-740(2) (1976), which sets out the conditions under which a board of adjustment may grant a variance from a zoning ordinance.[1]

At the extensive hearing before the Board of Adjustment, there were references to several other pieces of property which had been rendered substandard in size by a recent zoning ordinance change. Because other such lots exist, though few in number, the appellants argue the conditions pertaining to Metts' lot are not peculiar to her particular piece of prop-

---

[1] Section 6-7-740 provides:

The board of appeals or zoning board of adjustment shall have the following powers:

\* \* \* \* \* \*

(2) To authorize upon appeal in specific cases a variance from the terms of the ordinance or resolution as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of the ordinance or resolution will, in an individual case, result in unnecessary hardship, so that the spirit of the ordinance or resolution shall be observed, public safety and welfare secured, and substantial justice done. Such variance may be granted in such individual case of unnecessary hardship upon a finding by the board of appeals that:

(a) There are extraordinary and exceptional conditions pertaining to the particular piece of property in question because of its size, shape or topography, and

(b) The application of the ordinance or resolution of this particular piece of property would create an unnecessary hardship, and

(c) *Such conditions are peculiar to the particular piece of property involved,* and

(d) Relief, if granted, would not cause substantial detriment to the public good or impair the purposes and intent of the ordinance or resolution or the comprehensive plan, *provided, however,* that no variance may be granted for a use of land or building or structure that is prohibited in a given district by ordinance or resolution.

(First emphasis added.)

erty. This reading of the statute equates the word "peculiar" with the word "unique" and asks us to hold the variance may be granted only when a hardship is unique to the piece of property involved. This reading of the word "peculiar" is too narrow.

Although "peculiar" may mean "unique" or "exclusive," it also may mean "unusual," "odd," "rare," or "strongly deviating from the norm." The different possible meanings of the word "peculiar" create an ambiguity in the statute. Any ambiguity in a statute should be resolved in favor of a just, equitable, and beneficial operation of the law. *Crescent Mfg. Co. v. South Carolina Tax Comm'n*, 129 S.C. 480, 124 S.E. 761 (1924).

It is generally acknowledged that the peculiarity requirement is designed to prevent the grant of variances to remedy a hardship which is general throughout the area zoned. 101A C.J.S. *Zoning and Land Planning* § 243, at 709-10 (1979); 6 Patrick J. Rohan, *Zoning and Land Use Controls* § 43-02(4)(b)(i), at 43-49 (1992) ("[T]he fact that other land shares the same problem is not fatal, but it is . . . a question of how widespread the problem is."). Construing the law in favor of overall fairness and cognizant of the purpose of the peculiarity requirement, we hold "peculiar" does not mean "unique," but describes a situation that is unusual, odd, rare, or strongly deviating from the norm.

Because the findings of fact by the Board of Adjustment are final and conclusive on appeal, our scope of review is limited to determining whether the decision of the Board is correct as a matter of law. S.C. Code Ann. §§ 6-7-780 and 6-7-790 (1976); *see Bishop v. Hightower*, 292 S.C. 358, 356 S.E. (2d) 420 (Ct. App. 1987) (zoning board decisions should not be interfered with unless arbitrary and clearly erroneous). In this case, in which the record supports a finding that only a few pieces of property on Sullivan's Island share the hardship imposed on Metts' property by the zoning ordinance, the grant of the variance was neither arbitrary nor clearly erroneous. We therefore decline to reverse on this ground.

## II.

The appellants also argue Metts' variance violates the spirit and purpose of the zoning ordinances and the circuit court therefore erred in affirming the variance. We disagree.

The record shows that when the town created the new setback lines it was aware that certain lots would become substandard in size and, therefore, "unbuildable." The Town Council expressed an intention in the amending ordinance that the lots so disadvantaged should not be addressed by the amendment but should be addressed by the Board of Adjustment in the form of variances. The Town Council further stated in the preamble to the amending ordinance that rendering these lots unbuildable would create a hardship due to the unique typographical size and dimension of the lots and such property owners should be granted a variance by the Board of Adjustment.

The record of the hearing before the Board clearly indicates the Board was aware of this preamble to the amending ordinance. Indeed, this language was referred to several time by the Chairman and others during the hearing. We need go no further than this to conclude that a variance in this case was in conformity with the spirit and purpose of the zoning ordinance.

Affirmed.

HOWELL, C.J., and CURETON, J., concur.