2187

Joseph M. CUSEO, III, Deborah M. Cuseo, Ronald G. Beers, Nancy E. Beers, James A. Butcher, Charlotte F. Butcher, Dennis M. Overfield, Mary T. Overfield, John F. Benuscak, Betty M. Benuscak, Dieter Spikereit, Victoria J. Spikereit, Ronald W. Curtis, Kay E. Curtis, Alan J. Enlow, Kimberly T. Enlow, Harold A. Drake, Martha C. Drake, Roger Martino, Judith Martino, Kerry L. Robinson, Jo Ann Robinson, Anthony H.

Anechiarico, Jo Ann Anechiarico, Alan K. Patterson, Scott A. Patterson, J. Sue Patterson, Michael Vansciver, Rose Vansciver, Teddy Hucks, Cindy Hucks, James O. Baker, Nancy M. James, J. Griffith, Patsy Griffith, Mike Ammons and Annette Ammons, Appellants v. HORRY COUNTY PLANNING COMMISSION, Zoning Administrator, Zoning Board of Appeals and James Tharington, Respondents.

(445 S.E. (2d) 644)

Court of Appeals

*William Isaac Diggs,* of *McCutchen, Mumford & Diggs,* Myrtle Beach, *for appellants.*

*John P. Henry* and *Emma Ruth Brittain,* of *Thompson, Henry & Gwin,* of Conway; *Howell V. Bellamy, Jr.,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondents.*

Heard Apr. 13, 1994.

Decided May 23, 1994; Reh. Den. July 21, 1994.

*Per Curiam:*

This matter originated when the Horry County Planning Commission (the Commission) passed a new zoning ordinance that prohibited mobile home placement on the respondent's, James Tharington's, property. The Commission denied Tharington's request for a permit to place mobile homes on the property he developed in Horry County commonly known as the Whispering Pines Subdivision. Reasoning that Tharington had not availed himself of § 302 of the Horry County Zoning Ordinance because he deviated from the initial plan of development and failed to demonstrate an intent to continue the nonconforming use, the Commission decided Tharington's subdivision was not entitled to mobile homes "grandfather" status.[1] Tharington appealed to the Horry County Board of Adjustment and Appeals (the Board) which reinstated the "grandfather" status of the subdivision. Joseph M. Cuseo, III, and other concerned citizens (collectively referred to as "the Citizens") appealed the Board's decision to the circuit court. The circuit court affirmed and the Citizens appeal. We affirm.

In 1982, before the adoption of the Horry County Zoning Ordinance, Tharington began preparation for development of the Whispering Pines Subdivision. On April 6, 1984, his architect submitted plans to Horry County for review pursuant to the subdivision regulations which reflected that the property was to be developed as a 156-unit mobile home subdivision. In August 1985, the Commission gave preliminary approval of the proposed subdivision. In March 1986, Tharington submitted a final plat for the property. Thereafter, the County received a performance bond for all necessary improvements for Phase I of the development. The project plat was recorded on May 30, 1986, followed by a Declaration of Restrictions recorded on July 9, 1986. During 1986, Tharington also employed ETS, Inc. to prepare the site for development. This preparation included engineering services relating to site work, site inspection, roads, drainage, water and sewer.

Prior to enactment of the zoning ordinance, Tharington also contacted Birney Blind, a County Planning Department employee, concerning the status of his property. In response to

---

[1] Article III, § 302, of the Horry County Zoning ordinance automatically grants "grandfather" status to any development project which "either has plans under review by a public regulatory agency or which can substantiate that significant development planning is in progress. . . ."

his inquiry about whether his property would be "grandfathered" to allow the development of his property as a mobile home subdivision, Blind informed him that there would be "no problem" and the County would "grandfather the property in."

With the adoption of the Horry County Zoning Ordinance in October 1987, the Whispering Pines Subdivision was in an area zoned R-4. This zoning classification prohibited mobile homes. After enactment of the Zoning Ordinance, the Commission was overrun with "grandfather" requests. Accordingly, they delegated the authority to grant "grandfather" status to the staff level. Blind was a member of that staff.

In 1988, Tharington completed the water and sewage for the project. Following this, several lots in the subdivision were sold and seventeen stickbuilt single family homes were constructed. Due to economic conditions, however, Tharington had problems selling lots in the subdivision. In March 1992 when Tharington sought a permit to place a mobile home on a lot in the subdivision, the issue arose as to whether the property had, in fact, been "grandfathered" for mobile home use. Tharington again contacted Blind who told him that the property was "grandfathered" and he would straighten things out.[2] Nevertheless, Tharington's request for a permit was denied by the Commission. The Commission then revoked Whispering Pines' "grandfathered" status pursuant to Article III, § 302, of the Horry County Zoning Code.[3] The Commission held that Tharington deviated from the initial plan of development by permitting stickbuilt homes to be placed on lots and that he failed to show an intent to continue the nonconforming use of the lots for mobile home utilization.

---

[2] The Commission had previously approved grandfather status for setbacks in the subdivision.

[3] Article III, § 302 of the Horry County Zoning Ordinance provides, in pertinent part:

> On the date this ordinance becomes effective, any development project which either has plans under review by a public regulatory agency, or which can substantiate that significant development planning is in progress, is exempt from the provisions of this ordinance—except for any project which constitutes a public nuisance and/or any project which violates the provisions of sections 519 and 521.
>
> Work performed by professionals such as land planners, architects, engineers, surveyors, attorneys, and other professionals, together with expenditures of substantial funds within the previous twelve (12) months for

In reversing the Commission, the Board concluded as a matter of law that Blind had the authority to grant "grandfather" status and did so upon request by Tharington and that Blind later ratified his decision relating to "grandfather" status. The Board further held that Tharington had not abandoned the initial plan of development for Whispering Pines. To the contrary, the Board found he had diligently pursued the development.

The appellants, homeowners in the Whispering Pines Subdivision, appealed the Board's decision to the circuit court. After hearing argument in the matter, the circuit court affirmed the Board's decision, holding that Tharington's utilization of lots in the subdivision for mobile home purposes had been grandfathered and had not been abandoned. The circuit court also affirmed the Board's finding that Tharington continuously and diligently pursued development of the subdivision.

On appeal, the appellants contend there are insufficient factual findings in the Board's Order to show that Tharington had taken any action to put mobile homes on the property between the years 1987 and 1992, and that there were no factual findings that Tharington had done anything to further the nonconforming use of the subdivision with respect to the placement of mobile homes therein. Additionally, the appellants argue Tharington did not diligently pursue in a timely manner the completion of the project as relates to the nonconforming use of mobile homes and the Commission properly revoked his "grandfather" status. We disagree.

We first note that the standard of review to be applied in this case is governed by S.C. Code Ann. § 6-7-780 (1986) which provides:

The findings of fact by the board of appeals shall be final

---

such services for the development project, as evidenced by plats, engineering drawings, physical location or relocation of service facilities (such as water and sewer), etc., shall constitute significant development planning is in progress. If the completion of any such project is not diligently pursued in a timely manner and substantial funds have not been expended in reliance upon the "grandfathered" status, the Planning Commission may revoke the project's "grandfathered" status.

The Planning Commission shall determine each petition for exempt status on a case-by-case basis. The completion of a project shall be deemed not to be diligently pursued if no additional activity of a development planning nature can be shown for a period of twelve (12) successive months following the granting of the building permit.

and conclusive on the hearing of such appeal. In determining the questions presented by the appeal the court shall determine only whether the decision of the board is correct as a matter of law.

In applying this standard, our court has held that the factual findings of the Board must be affirmed by the circuit court if there is any evidence to support them and they are not influenced by an error of law. *Fairfield Ocean Ridge, Inc. v. Town of Edisto Beach,* 294 S.C. 475, 366 S.E. (2d) 15 (Ct. App. 1988); *Bennett v. Sullivan's Island Bd. of Adjustment,* — S.C. —, 438 S.E. (2d) 273 (Ct. App. 1993).

The Board found that Whispering Pines Subdivision was a development in progress at the time the Zoning Ordinance became effective. The Board stated the restrictive covenants and lot sizes revealed that the development included mobile home uses. The Board further held that Tharington diligently pursued development, but sales were slow due to economic conditions. The Board noted that Tharington contacted Blind for assurances that the property had "grandfather" status. The Board also found Blind had authority to grant grandfather status and did so upon Tharington's request.

We hold that the Board's factual findings that Whispering Pines was in progress at the time of enactment of the Zoning Ordinance, and that Tharington diligently pursued the development, have evidentiary support. The record amply demonstrates that marketing efforts were ongoing throughout the project development. The record further establishes that substantial funds were expended in development of the project and that Tharington relied upon the "grandfathered" status granted by Blind in continuing development efforts. Although development activity concerning mobile home placement in the subdivision was halted due to sluggish sales, nothing in the record suggests Tharington abandoned the use of the property for that purpose. We therefore hold that mere financial hardship is not sufficient under the Horry County Zoning Ordinance to divest Tharington of the "grandfathered" status of his property. Hence, the Board's decision to recognize "grandfather" status for Tharington's property is not erroneous as a matter of law under the County's Zoning Ordinance.

Accordingly, the judgment is

Affirmed.