24488

John F. ADKINS and Mary F. Hutto for Stephen Wayne Adkins, deceased, for whom John F. Adkins is Respondent, and Mary F. Hutto is Petitioner v. COMCAR INDUSTRIES, INC. and The Hartford, Defendants.

(475 S.E. (2d) 762)

Supreme Court

*Andrew N. Safran,* of *Lourie, Curlee, Barrett & Safran,* Columbia, and *Karen K. Martin,* of *Martin & Martin,* Barnesville, Georgia, *for petitioner.*

*Michael W. Millians,* of *Allgood, Childs, Mehrhof & Millians, P.C.,* Clearwater, *for respondent.*

Heard Oct. 18, 1995.

Decided Sept. 3, 1996; Reh. Den. Oct. 4, 1996.

FINNEY, Chief Justice:

We granted certiorari to review the Court of Appeals' opinion in *Adkins v. Comcar Industries, Inc.,* 316 S.C. 149, 447 S.E. (2d) 228 (Ct. App. 1994). We affirm.

## FACTS

John Adkins (Father) sought to recover workers' compensation benefits for the death of his son Stephen Adkins. Mary Hutto (Mother) contested Father's entitlement to any death benefits. The single commissioner and full commission ruled Father was not entitled to receive any benefits from son's work-related death because he had abandoned his son long before his son's death. The commission concluded Mr. Adkins was not a "father" within the meaning of the Workers' Compensation Act and thus was not entitled to receive benefits. Alternatively, the commission concluded it had the discretion to apportion the benefits between the Mother and Father based on the circumstances of the case and it was inappropriate here to award any benefits to Father. The circuit court reversed, finding that Father was entitled to share equal benefits with the Mother under S.C. Code Ann. § 42-9-140 (Supp. 1995). The Court of Appeals affirmed.

## ISSUE

Does a natural father's abandonment of his deceased son

disqualify him from being a "father" entitled to death benefits under the Workers' Compensation Act?

### DISCUSSION

Worker's compensation death benefits are distributed pursuant to S.C. Code Ann. § 42-9-140(B) which provides as follows:

If the deceased employee leaves no dependents or non-dependent children, the employer shall pay the commuted amounts provided for in Section 42-9-290 for whole dependents, less burial expenses which must be deducted from those commuted amounts, to his father and mother, irrespective of age or dependency.

The Court of Appeals looked at the plain and ordinary meaning of "father" and concluded there was no basis for finding Father was not a father within the meaning of the statute. Since there was no order terminating Father's parental rights, the Court of Appeals concluded the circuit court properly found that Father was entitled to death benefits. We agree.

Mother asserts that since Father had abandoned his son he was not entitled to benefits. She relies on Georgia law to urge that Father had legally abandoned his deceased son many years before his death.[1] Failure to provide support constitutes intentional and wilful, voluntary abandonment under Georgia law. *Chapman v. State*, 181 Ga. App. 320 352 S.E. (2d) 216 (1986). However, the father in Chapman was convicted of abandonment of his minor children in violation of Georgia law. The Father here has not been convicted of abandonment.

In construing a statute, its words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *First Baptist Church of Mauldin v. City of Mauldin*, 308 S.C. 226, 417 S.E. (2d) 592 (1992). The plain language of § 42-9-140 provides that death benefits in the absence of children or dependents must be paid to the decedent's father and mother, irrespective of age or dependency. The term "fa-

---

[1] The parents resided in Georgia during substantially all of their son's childhood.

ther" is not defined. There are no restrictions or conditions in § 42-9-140 on who is considered a father. The Court of Appeals correctly concluded that since the statute does not define father or place restrictions on a parent's entitlement to death benefits, respondent is entitled to receive benefits.[2] In the absence of an order termination Father's parental rights, Adkins is still the legal father of the deceased.

The commission concluded that because the legislature did not specifically state that the benefits must be distributed equally then presumably an equal division is not required. The plain and ordinary language of the statute does not provide a basis for apportioning benefits between parents other than on an equal basis. The statute does not explicitly allow an apportionment of benefits between the parents. Furthermore, support for the equal division of death benefits within a class can be found in *Bush v. Gingrey Brothers*, 232 S.C. 20, 100 S.E. (2d) 821 (1957) (holding that workers' compensation death benefits should be distributed equally to dependents). Thus, we affirm the determination that the benefits are to be divided equally.

Accordingly, the Court of Appeals did not err in finding Father is not divested of his rights as a father under § 42-9-140 in the absence of a prior termination of his parental rights and the benefits should be equally divided.

Affirmed.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

___

[2] The General Assembly recently enacted Senate Bill 1164, Act 370, effective May 29, 1996, which amends § 42-9-140 by adding language to permit the commission to deny or limit a parent's entitlement for a share of the benefits if a parent failed to reasonably provide support for the decedent. This amendment does not apply to the case before us today.