486 S.E.2d 492

**CITY OF CAMDEN, Appellant,**

v.

**Evander M. BRASSELL, Respondent.**

No. 2658.

Court of Appeals of South Carolina.

Heard April 9, 1997.

Decided April 21, 1997.

---

558

Charles V.B. Cushman, III, Camden, for Appellant.

W. Glenn Rogers, Jr., Camden, for Respondent.

ANDERSON, Judge.

The City of Camden (Camden) appeals from the circuit court's order reversing Evander M. Brassell's (Brassell) conviction in municipal court for driving under the influence, first offense. We reverse.

## FACTS/PROCEDURAL BACKGROUND

Brassell was charged with driving under the influence, first offense, in the City of Camden on August 27, 1995. At the time of his arrest, Brassell was sixteen years old. Brassell was convicted of driving under the influence, first offense, in the Camden Municipal Court. He appealed his conviction to the circuit court. On appeal, Brassell contended the municipal court lacked subject matter jurisdiction to hear a driving under the influence charge against a juvenile. The circuit court reversed Brassell's conviction and held driving under the influence was not a "traffic violation" within the meaning of S.C.Code Ann. § 20–7–410 (Supp.1996). The court further held the family court had exclusive jurisdiction over the charge against the juvenile. The City of Camden appeals.

## ISSUE

Is driving under the influence, first offense, a "traffic violation" within the purview of S.C.Code Ann. § 20–7–410 (Supp.1996)?

## LAW/ANALYSIS

The City of Camden argues the trial court erred in construing driving under the influence as a criminal violation rather than a "traffic violation" within the parameters of S.C.Code Ann. § 20–7–410 (Supp.1996).

*Ab initio,* even though the issue in this case is imbued with simplicity, it is novel in South Carolina. For guidance, we examine the applicable statutes with circumspection giving due deference to the legislative will. Predominantly, the Court analyzes the statutory language so as to glean the legislative intent.

560

## STATUTORY CONSTRUCTION

The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible. *Joint Legislative Comm. v. Huff, et al.*, 320 S.C. 241, 464 S.E.2d 324 (1995). *See also Glover by Cauthen v. Suitt Constr. Co.*, 318 S.C. 465, 458 S.E.2d 535 (1995) (primary rule of statutory construction requires that legislative intent prevail if it can reasonably be discovered in language used construed in light of intended purpose). All rules of statutory construction are subservient to the one that legislative intent must prevail if it reasonably can be discovered in the language used, and that language must be construed in the light of the intended purpose of the statute. *Kiriakides v. United Artists Communications, Inc.*, 312 S.C. 271, 440 S.E.2d 364 (1994). The determination of legislative intent is a matter of law. *Charleston County Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 459 S.E.2d 841 (1995).

South Carolina Code Ann. § 2-13-175 (Supp.1996) is controlling in regard to catch line headings or captions of statutes. This legislative provision provides:

The catch line heading or caption which immediately follows the section number of any section of the Code of Laws must not be deemed to be part of the section and must not be used to construe the section more broadly or narrowly than the text of the section would indicate. The catch line or caption is not part of the law and is merely inserted for purposes of convenience to the person using the Code.

Where the legislature elects not to define the term in the statute, courts will interpret the term in accord with its usual and customary meaning. *Adoptive Parents v. Biological Parents*, 315 S.C. 535, 446 S.E.2d 404 (1994). In construing a statute, the court looks to its language as a whole in light of its manifest purpose. *Adams v. Texfi Indus.*, 320 S.C. 213, 464 S.E.2d 109 (1995).

If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning. *City of Columbia v. American Civil Liberties Union*, 323 S.C. 384, 475 S.E.2d 747 (1996). Where a statute is complete, plain, and

unambiguous, legislative intent must be determined from the language of the statute itself. *Whitner v. State,* Op. No. 24468, — S.C. —, —, — S.E.2d —, — [1996 WL 393164] (S.C. Sup.Ct. filed July 15, 1996) (Davis Adv.Sh. No. 19 at 22). In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Adkins v. Comcar Indus., Inc.,* 323 S.C. 409, 475 S.E.2d 762 (1996). Where the terms of a statute are clear, the court must apply those terms according to their literal meaning. *Id.* *See also Parsons v. Georgetown Steel,* 318 S.C. 63, 456 S.E.2d 366 (1995) (where terms of relevant statute are clear, there is no room for construction). Where the language of the statute is clear and explicit, the court cannot rewrite the statute and inject matters into it which are not in the legislature's language. *Timmons v. Tricentennial Comm'n,* 254 S.C. 378, 175 S.E.2d 805 (1970).

The statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers. *Rosenbaum v. S–M–S 32,* 311 S.C. 140, 427 S.E.2d 897 (1993). *See also Whitner, supra* (Court should consider not merely language of particular clause being construed, but word and its meaning in conjunction with purpose of whole statute and policy of law). In interpreting a statute, the language of the statute must be read in a sense which harmonizes with its subject matter and accords with its general purpose. *Koenig v. South Carolina Dep't of Pub. Safety,* 325 S.C. 400, 480 S.E.2d 98 (Ct.App. 1996). Any ambiguity in a statute should be resolved in favor of a just, equitable, and beneficial operation of the law. *Bennett v. Sullivan's Island Bd. of Adjustment,* 313 S.C. 455, 438 S.E.2d 273 (Ct.App.1993).

## APPLICABLE STATUTES

South Carolina Code Ann. § 20–7–400(A)(1)(d) (1985 and Supp.1996) grants exclusive original jurisdiction to the family court in pertinent part as follows:

(A) Except as otherwise provided herein, the court shall have exclusive original jurisdiction and shall be the sole court for initiating action:

(1) Concerning any child living or found within the geographical limits of its jurisdiction:

(d) Who is alleged to have violated or attempted to violate any state or local law or municipal ordinance, regardless of where the violation occurred except as provided in § 20–7–410.

Further, South Carolina Code Ann. § 20–7–410 (Supp.1996) provides:

The magistrate courts and municipal courts of this State have concurrent jurisdiction with the family courts for the trial of persons under seventeen years of age **charged with traffic violations** or violations of the provisions of Title 50 relating to fish, game, and watercraft when these courts would have jurisdiction of the offense charged if committed by an adult. (emphasis added).

The family court shall report to the Department of Public Safety all adjudications of a juvenile for moving traffic violations and other violations that affect the juvenile's privilege to operate a motor vehicle including, but not limited to, controlled substance and alcohol violations as required by other courts of this State pursuant to Section 56–1–330 and shall report to the Department of Natural Resources adjudications of the provisions of Title 50.

## SUBJECT MATTER JURISDICTION

 Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 442 S.E.2d 598 (1994). Under § 56–5–2930, it is unlawful for any person who is under the influence of intoxicating liquors to drive any vehicle within the state. For a first offense driving under the influence, the punishment is a fine of two hundred dollars or imprisonment for not less than forty-eight hours nor more than thirty days. S.C.Code Ann. § 56–5–2940 (Rev.1991 & Supp.1996). In lieu of the forty-eight hour minimum imprisonment, the court may provide for forty-eight hours of public service employment. *Id.* With respect to the criminal jurisdiction of the magistrate and municipal courts, magistrates have jurisdiction of all offenses which may be subject to the penalties of a fine or forfeiture not exceeding five hundred dollars, or imprisonment not exceeding thirty days, or both. S.C.Code Ann. § 22–3–550 (Supp.1996). The municipal court has the same jurisdiction in criminal cases as the magistrate court. S.C.Code Ann. § 14–25–45 (Supp.1996).

Therefore, the magistrate and municipal courts would have subject matter jurisdiction over a first offense driving under the influence charge if committed by an adult.

## IS DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, A "TRAFFIC VIOLATION"?

■ The South Carolina Supreme Court has not had occasion previously to address the issue of whether driving under the influence, first offense, is a "traffic violation." We therefore look for guidance to other jurisdictions that have addressed the issue.

In *Robinson v. Sutterfield,* 302 Ark. 7, 786 S.W.2d 572 (1990), the Arkansas Supreme Court considered statutes with major similarities to our statutory provisions. The *Robinson* court discussed the applicable statutes:

> The Juvenile Code of 1989, Ark.Code Ann. § 9–27–301 to 9–27–368 (Supp.1989), provides that the juvenile court shall have exclusive original jurisdiction of proceedings in which a juvenile is alleged to be delinquent. Ark.Code Ann. § 9–27–306(a)(1) (Supp.1989). A delinquent juvenile is defined by the code as "any juvenile ten (10) years or older who has committed an act *other than a traffic offense* or game and fish violation, which, if such act had been committed by an adult, would subject such adult to prosecution...." (Emphasis added). Ark.Code Ann. § 9–27–303(11) (Supp.1989). Thus, traffic offenses are excluded from the jurisdiction of the juvenile court, and generally are within the jurisdiction of municipal courts.

*Robinson,* 786 S.W.2d at 572. (emphasis in original). The *Robinson* court defined "traffic offense":

> The term "traffic offense" refers to a violation of a law regulating the operation of a vehicle upon a roadway. The offense "driving while under the influence of intoxicants" is a violation of a law regulating the operation of a vehicle upon a roadway. Thus, "driving while under the influence" is a traffic offense.

> By case and by rule we have referred to the term "traffic offense" as including the offense of driving while intoxicated. *Weatherford v. State,* 286 Ark. 376, 692 S.W.2d 605 (1985), and A.R.Cr.P. Rule 4.1(a)(ii)(C). Other states have similarly referred to the term "traffic offense" as including

driving while intoxicated. *In re Petition of Williams,* 111 Wash.2d 353, 759 P.2d 436 (1988); *Dover v. State,* 725 S.W.2d 915 (Mo.App.1987); *State v. DeLuca,* 108 N.J. 98, 527 A.2d 1355 (1987); *State v. Yanez,* 381 N.W.2d 470 (Minn.App.1986); *Mottern v. State,* 466 N.E.2d 488 (Ind. App.1984); *State v. Bartholmew,* 411 So.2d 1182 (La.App. 1982).

In a case comparable to the one now before us, the Supreme Court of North Dakota held, as we now do, that driving while under the influence was a "traffic offense" as described by statute, and that juvenile court did not have jurisdiction. The Juvenile Code provision there was the same as ours. *In Interest of B.L.,* 301 N.W.2d 387 (N.D. 1981).... In summation, many courts have referred to the offense of driving while under the influence of intoxicants as a traffic offense, and two have expressly so held.

Accordingly, we hold that the offense of driving while under the influence of intoxicants is a "traffic offense," and that under our Juvenile Code the municipal court has jurisdiction to hear such cases. The writ is accordingly denied.

*Robinson,* 786 S.W.2d at 573.

The Arkansas Supreme Court revisited the issue in *State v. J.B.,* 309 Ark. 70, 827 S.W.2d 144 (1992), and held:

This case turns on the jurisdictional point, which is whether the juvenile court has jurisdiction to hear DWI cases. The answer to that question is clear. The Juvenile Code defines a delinquent juvenile as "any juvenile ten (10) years or older who has committed an act **other than a traffic offense** or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state." Ark.Code Ann. § 9–27–303(11) (Supp.1989). There is no doubt that DWI is a traffic offense with jurisdiction resting in municipal court rather than juvenile court. *See Robinson v. Sutterfield,* 302 Ark. 7, 786 S.W.2d 572 (1990).

*State v. J.B.,* 827 S.W.2d at 145. (emphasis added).

Elucidating the issue with clarity, the Oklahoma Court of Criminal Appeals, in *Fanshier v. City of Oklahoma City,* 620 P.2d 1347 (Okla.Crim.App.1980), concluded:

The question before us is whether a municipal D.U.I. ordinance, which provides for a fine and/or imprisonment is an offense which should be transferred from the municipal court of record to the Juvenile Division of the District Court.

. . . .

In considering the question of jurisdiction, we stated that the ordinance was traffic in nature; that a municipal court of record does not have jurisdiction to sentence juveniles to incarceration for violation of municipal traffic ordinances; and that the juvenile was properly within the jurisdiction of the juvenile court.

This conclusion was deduced after reviewing the concurrent jurisdiction provision of Title 10 O.S.Supp.1974, § 1112(a):

In general, a child charged with having violated any state statute or municipal ordinance shall be tried in the juvenile division of the District Court rather than in a criminal action. The *criminal division of the district court and the municipal court are free to exercise concurrent jurisdiction with the juvenile division in cases wherein children are charged with violations of state or municipal traffic laws or ordinances.* [Emphasis ours] (emphasis in original).

. . . .

Although *Mook v. City of Tulsa* [565 P.2d 1065 (Okla. Crim.App.1977)], *supra*, dealt with a reckless driving ordinance, we find the reasoning of that case persuasive in our determination that the D.U.I. ordinance is similarly "traffic in nature". Also, persuasive is the Legislature's statutory placement of the crime of Driving Under the Influence in the Motor Vehicle Code of traffic laws.

. . . .

We, therefore, hold jurisdiction of juveniles charged with a violation of a municipal D.U.I. ordinance is properly within the municipal court.

*Fanshier*, 620 P.2d at 1348–49.

The concernment of the Court in the case *sub judice* is to give efficacy to the term "traffic violation" as used in § 20–7–

410. It is apodictic that an interpretation of the statutory phrase "traffic violation" is determinative of the issue posited in this case. The General Assembly encapsulates S.C.Code Ann. § 56–5–2930 (Rev.1991 & Supp.1996) in Chapter Five of Title 56 of the South Carolina Code, thereby giving some credence and indicia to the contention driving under the influence, first offense, is a "traffic violation." If the phrase "traffic violation" encapsulates the offense of driving under the influence as contained in S.C.Code Ann. § 56–5–2930 (Rev. 1991 & Supp.1996), the resulting sequitur is that subject matter jurisdiction of a minor charged with driving under the influence, first offense, is vested concurrently in the municipal courts, magistrate courts, and family courts.

## CONCLUSION

We hold that driving under the influence, first offense, under § 56–5–2930 is a "traffic violation" pursuant to § 20–7–410. Concomitantly, the municipal court had concurrent jurisdiction with the family court to try the minor in this case. Accordingly, the order of the circuit court is

**REVERSED.**

HOWELL, C.J., and GOOLSBY, J., concur.