THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Larry Wayne Pressley and Linda Pressley,       
Appellants,
 
 
 

v.

 
 
 
Jason Keith Blackwell,       
Respondent.
 
 
 

Appeal From Cherokee County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2005-UP-306
Heard April 4, 2005  Filed May 6, 2005

AFFIRMED

 
 
 
Charles T. Deal, of Clemson, for Appellants. 
Edward R. Cole, of Spartanburg, for Respondent.
 
 
 

STILWELL, J.:  Larry Wayne and Linda Pressley appeal the trial courts order granting summary judgment to Jason Keith Blackwell on the ground that the Pressleys claim was barred by the statute of limitations.  Counsel for the Pressleys also argues he received insufficient notice of the summary judgment hearing.  We affirm.
FACTS
Larry Wayne Pressley and Blackwell were involved in a motor vehicle accident in Cherokee County on June 5, 1999.  Blackwells liability insurer paid its entire coverage to the Pressleys in exchange for a covenant not to execute.  On May 31, 2002, the Pressleys filed this action in Anderson County in an attempt to collect from their underinsured motorist carrier, Nationwide Insurance Company (Nationwide).  
On June 3, 2002, the Pressleys attempted to serve the summons and complaint on Blackwell through the Cherokee County Sheriffs Office.  The next day, the Sheriffs Office reported Blackwell could not be served, noting the reason as Empty resident/No forwarding address.  
On June 20, 2002, the Pressleys served Nationwide through the Department of Insurance.  Counsel for Nationwide filed a notice of appearance and denied representing Blackwell.  He also wrote a letter to counsel for the Pressleys specifically advising that he would take no further action, nor file an answer, until Blackwell was properly served.  
On July 23, 2002, the Pressleys filed a motion requesting an order allowing for service by publication.  By order dated July 31, 2002, the trial court granted the motion.  The order directed that publication be made in The Gaffney Ledger at least one time per week for three consecutive weeks.  The order further required the first publication be made within ten (10) days from the date of the order.  Publication did not begin, however, until September 18, 2002, and was not completed until October 2, 2002.  
Counsel for Blackwell subsequently filed an Answer raising the issues of, inter alia, improper venue and statute of limitations.  Venue was thereafter transferred to Cherokee County.  On June 30, 2003, Blackwell filed and served a motion for summary judgment.  By order filed November 13, 2003, the trial court granted the motion, finding the Pressleys failed to timely serve Blackwell.  The Pressleys appeal. 
STANDARD OF REVIEW
Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the conclusions and inferences to be drawn from the facts are undisputed.  McClanahan v. Richland County Council, 350 S.C. 433, 437, 567 S.E.2d 240, 242 (2002).  Additionally, in ruling on a motion for summary judgment, a reviewing court must view the evidence in the light most favorable to the non-moving party.  Id. at 438, 567 S.E.2d at 242.  
LAW/ANALYSIS
I.  Statute of Limitations 
The Pressleys argue the trial court erred in granting summary judgment based on the expiration of the statute of limitations.  We disagree.
A plaintiff in a negligence action must serve the defendant within three years.  S.C. Code Ann. § 15-3-530(5) (2005).  The statute of limitations may, however, be tolled.  See Rule 3, SCRCP; S.C. Code Ann. § 15-3-20 (2005).  
At the time of the accrual of this action, Rule 3 of the South Carolina Rules of Civil Procedure provided in part:

a)   Commencement:  A civil action is commenced by filing and service of a summons and complaint.
b)    Tolling of Statute of Limitations:  For the purpose of tolling any statute of limitations, an attempt to commence an action is equivalent to the commencement thereof when the summons and complaint are filed with the clerk of court and delivered for service to the sheriff . . . provided that actual service must be accomplished within a reasonable time thereafter.

Rule 3, SCRCP (Supp. 2002), amended effective April 27, 2004 (emphasis added).  
Effective May 24, 2002, a few days prior to the filing of this action, S.C. Code section 15-3-20(B) was amended to provide in part:  A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing.  S.C. Code Ann. § 15-3-20(B) (2005) (emphasis added).  
By amendment effective April 27, 2004, Rule 3 was likewise amended to provide:

a)      Commencement of civil action: 
A civil action is commenced when the summons and complaint are filed with the clerk of court if:
 
1)      the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
2)      if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.
 

Rule 3, SCRCP (emphasis added).  With this history in mind, we review the Pressleys argument.
In interpreting Rule 3 prior to the amendment, South Carolina courts found service by publication five months after filing of the complaint was reasonable but service more than a year after filing was unreasonable.  Compare Ingle v. Whitlock, 282 S.C. 391, 318 S.E.2d 367 (1984) with Montgomery v. Mullins, 325 S.C. 500, 506, 480 S.E.2d 467, 470 (Ct. App. 1997).  Whether or not an action has been accomplished within a reasonable period of time depends on the circumstances of the case.  Montgomery, 325 S.C. at 506, 480 S.E.2d at 470.  This decision is committed to the trial judges discretion, and will not be disturbed on appeal absent an abuse of discretion.  Id.  
The accident in this case occurred on June 5, 1999, and the statute of limitations period expired on June 5, 2002.  The Pressleys attempted to take advantage of the Rule 3(b) tolling provision by delivering the summons and complaint to the Cherokee County Sheriffs Office.  However, the Sheriffs Office was unable to serve Blackwell, and actual service was not accomplished until publication was completed on October 2, 2002.  
Blackwell argues that section 15-3-20(B) mandated service within 120 days after the case is filed and this mandate applied to the Pressleys.  We find the amendment provides an indication of legislative intent that even prior to the amendment, a reasonable time would ordinarily be within 120 days.  We need not determine whether the 120-day test or the reasonable time test controls in this case, however, as we find neither test has been met.
The trial judge ruled that service was not accomplished within a reasonable time.  We find no abuse of discretion given the facts and circumstances of this case, including failure to accomplish service within 120 days and dilatoriness in commencing publication.  Given the totality of these circumstances and our standard of review, we will not disturb the trial courts finding that service was not accomplished within a reasonable time.
Furthermore, counsel failed to comply with a direct order from the court.  The publication order required service to commence within ten days.  The first publication was not made until nearly forty days after this deadline had expired.  Counsel for the Pressleys did not communicate any hardship or difficulty to the court.  Accordingly, we affirm the trial courts finding that this action is barred by the statute of limitations.
II.  Notice of Hearing
The Pressleys also contend their due process rights were violated because they were not provided with adequate notice of the hearing.  This issue was never raised to the trial court in a Rule 59(e) motion or in any other manner other than a letter of protest to the trial court.  Issues not raised to and ruled upon by the trial court are not preserved for appeal.  In Re McCracken, 346 S.C. 87, 551 S.E.2d 235 (2001) (A constitutional claim must be raised and ruled upon to be preserved for appellate review.).  
CONCLUSION
For the foregoing reasons, the order on appeal is
 AFFIRMED.  
 SHORT, J., concurs.
ANDERSON, J., concurs in result only in a separate opinion.

ANDERSON, J. (concurring in result only):  I agree with the majority that summary judgment should be affirmed.  I write separately because the amendment to S.C. Code Ann. section 15-3-20, which took effect seven days before the Pressleys filed their action, controls the disposition of this case. 
I.  CHRONOLOGICAL DEVELOPMENT OF
SECTION 15-3-20 AND RULE 3
From the enactment of the 1976 Code until May 23, 2002, section 15-3-20 stated: Civil actions can only be commenced within the periods prescribed in this Title after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute.  S.C. Code Ann. (1976).  
The 2002 version of Rule 3, SCRCP, provided:

(a)     Commencement.  A civil action is commenced by filing and service of a summons and complaint.
(b)     Tolling of Statute of Limitations.  For the purpose of tolling any statute of limitations, an attempt to commence an action is equivalent to the commencement thereof when the summons and complaint are filed with the clerk of court and delivered for service to the sheriff of the county in which defendant usually or last resided . . . ; provided that actual service must be accomplished within a reasonable time thereafter.  

Rule 3, SCRCP (2002) (emphasis added).  
Effective May 24, 2002, section 15-3-20 was amended to read:

(A)    Civil actions may only be commenced within the periods prescribed in this title after the cause of action has accrued, except when, in special cases, a different limitation is prescribed by statute.
(B)    A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing.

S.C. Code Ann. section 15-3-20 (2005) (emphasis added).  
Subsequent to the amendment to section 15-3-20, Rule 3 was changed.  The rule now reads:

 (a)     Commencement of civil action.  A civil action is commenced when the summons and complaint are filed with the clerk of court if:
(1)     the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
(2)     if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

Rule 3, SCRCP (emphasis added).  The note to the 2004 amendment to Rule 3 officially reports that the changes effected are intended to reflect the legislative intent expressed in § 15-3-20 as amended by 2002 S.C. Act No. 281, § 1.  (Emphasis added.)    
II.  PRINCIPLES OF STATUTORY CONSTRUCTION
The cardinal rule of statutory interpretation is to determine the intent of the legislature.  Georgia-Carolina Bail Bonds. v. County of Aiken, 354 S.C. 18, 579 S.E.2d 334 (Ct. App. 2003); see also Gordon v. Phillips Utils. Inc., 362 S.C. 403, ___, 608 S.E.2d 425, 427 (2005) (The primary purpose in construing a statute is to ascertain legislative intent.); Olson v. Faculty House of Carolina, Inc., 344 S.C. 194, 205, 544 S.E.2d 38, 44 (Ct. App. 2001) (The quintessence of statutory construction is legislative intent.).  All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute.  McClanahan v. Richland County Council, 350 S.C. 433, 567 S.E.2d 240 (2002); Ray Bell Constr. Co. v. Sch. Dist. of Greenville County, 331 S.C. 19, 501 S.E.2d 725 (1998); State v. Morgan, 352 S.C. 359, 574 S.E.2d 203 (Ct. App. 2002); State v. Hudson, 336 S.C. 237, 519 S.E.2d 577 (Ct. App. 1999).  
The legislatures intent should be ascertained primarily from the plain language of the statute.  State v. Landis, 362 S.C. 97, 606 S.E.2d 503 (Ct. App. 2004); Morgan, 352 S.C. at 366, 574 S.E.2d at 206; Stephen v. Avins Constr. Co., 324 S.C. 334, 478 S.E.2d 74 (Ct. App. 1996).  The language must also be read in a sense which harmonizes with its subject matter and accords with its general purpose.  Hitachi Data Sys. v. Leatherman, 309 S.C. 174, 420 S.E.2d 843 (1992); Morgan, 352 S.C. at 366, 574 S.E.2d at 206; Hudson, 336 S.C. at 246, 519 S.E.2d at 582.  The courts primary function in interpreting a statute is to ascertain the intent of the General Assembly.  Smith v. South Carolina Ins. Co., 350 S.C. 82, 564 S.E.2d 358 (Ct. App. 2002).  Once the legislature has made [a] choice, there is no room for the courts to impose a different judgment based upon their own notions of public policy.  South Carolina Farm Bureau Mut. Ins. Co. v. Mumford, 299 S.C. 14, 19, 382 S.E.2d 11, 14 (Ct. App. 1989).
If a statutes language is unambiguous and clear, there is no need to employ the rules of statutory construction and this Court has no right to look for or impose another meaning.  Tilley v. Pacesetter Corp., 355 S.C. 361, 585 S.E.2d 292 (2003); Paschal v. State Election Commn, 317 S.C. 434, 454 S.E.2d 890 (1995); Cowan v. Allstate Ins. Co., 351 S.C. 626, 631, 571 S.E.2d 715, 717 (Ct. App. 2002); Olson, 344 S.C. at 207, 544 S.E.2d at 45; see also City of Camden v. Brassell, 326 S.C. 556, 561, 486 S.E.2d 492, 495 (Ct. App. 1997) (Where the language of the statute is clear and explicit, the court cannot rewrite the statute and inject matters into it which are not in the legislatures language.).  When the terms of a statute are clear, the court must apply those terms according to their literal meaning.  Cooper v. Moore, 351 S.C. 207, 212, 569 S.E.2d 330, 332 (2002); Holley v. Mount Vernon Mills, Inc., 312 S.C. 320, 440 S.E.2d 373 (1994); Carolina Alliance for Fair Employment v. S.C. Dept of Labor, Licensing, & Regulation, 337 S.C. 476, 523 S.E.2d 795 (Ct. App. 1999).  What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Bayle v. South Carolina Dept of Transp., 344 S.C. 115, 542 S.E.2d 736 (Ct. App. 2001). The words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction.  Durham v. United Companies Fin. Corp., 331 S.C. 600, 503 S.E.2d 465 (1998); Adkins v. Comcar Indus., Inc., 323 S.C. 409, 475 S.E.2d 762 (1996); Worsley Cos. v. South Carolina Dept of Health & Envtl. Control, 351 S.C. 97, 102, 567 S.E.2d 907, 910 (Ct. App. 2002); see also Timmons v. South Carolina Tricentennial Commn, 254 S.C. 378, 175 S.E.2d 805 (1970) (observing that where the language of the statute is clear and explicit, the court cannot rewrite the statute and inject matters into it that are not in the legislatures language).  Under the plain meaning rule, it is not the courts place to change the meaning of a clear and unambiguous statute.  Hodges v. Rainey, 341 S.C. 79, 533 S.E.2d 578 (2000); Bayle, 344 S.C. at 122, 542 S.E.2d at 739.
If the language of an act gives rise to doubt or uncertainty as to legislative intent, the construing court may search for that intent beyond the borders of the act itself.  Morgan, 352 S.C. at 367, 574 S.E.2d at 207; see also Wade v. Berkeley County, 348 S.C. 224, 229, 559 S.E.2d 586, 588 (2002) ([W]here a statute is ambiguous, the Court must construe the terms of the statute.). An ambiguity in a statute should be resolved in favor of a just, beneficial, and equitable operation of the law.  Hudson, 336 S.C. at 247, 519 S.E.2d at 582; Brassell, 326 S.C. at 561, 486 S.E.2d at 495; City of Sumter Police Dept v. One (1) 1992 Blue Mazda Truck, 330 S.C. 371, 498 S.E.2d 894 (Ct. App. 1998).  In construing a statute, the court looks to the language as a whole in light of its manifest purpose.  State v. Dawkins, 352 S.C. 162, 573 S.E.2d 783 (2002); Adams v. Texfi Indus., 320 S.C. 213, 464 S.E.2d 109 (1995); Brassell, 326 S.C. at 560, 486 S.E.2d at 494.
A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers.  The real purpose and intent of the lawmakers will prevail over the literal import of the words.  Browning v. Hartvigsen, 307 S.C. 122, 125, 414 S.E.2d 115, 117 (1992); see also Georgia-Carolina Bail Bonds, 354 S.C. at 22, 579 S.E.2d at 336 (A statute should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute.); Municipal Assn of South Carolina v. AT & T Communications of S. States, Inc., 361 S.C. 576, 606 S.E.2d 468 (2004) (observing that the language of a statute must be read in a sense which harmonizes with its subject matter and accords with its general purpose).  
Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention.  Unisun Ins. Co. v. Schmidt, 339 S.C. 362, 529 S.E.2d 280 (2000); Kiriakides v. United Artists Communications, Inc., 312 S.C. 271, 440 S.E.2d 364 (1994).  A court should not consider a particular clause in a statute as being construed in isolation, but should read it in conjunction with the purpose of the whole statute and the policy of the law.  See Hinton v. South Carolina Dept. of Prob., Parole and Pardon Servs., 357 S.C. 327, 592 S.E.2d 335 (Ct. App. 2004), cert. granted (Jan. 12, 2005); Doe v. Roe, 353 S.C. 576, 578 S.E.2d 733 (Ct. App. 2003), cert. denied. 
III.  JUXTAPOSITION OF THE RULES OF
CIVIL PROCEDURE TO THE CODE OF LAWS 
Article V, section 4, of the South Carolina Constitution decrees: The Supreme Court shall make rules governing the administration of all the courts of the State.  Subject to the statutory law, the Supreme Court shall make rules governing the practice and procedure in all such courts.  In Stokes v. Denmark Emergency Medical Services, 315 S.C. 263, 267, 433 S.E.2d 850, 852 (1993), our supreme court explained, The clause subject to the statutory law establishes the intent to subordinate to the General Assembly the Courts rulemaking power in regard to practice and procedure.  Accordingly, although the supreme court has wide latitude to regulate the procedures of South Carolinas courts, the General Assembly retains a greater authority to govern the operation of our judicial system.
IV.  ANALYSIS
The Pressleys filed the action in the instant case on May 31, 2002after the promulgation of the statutory amendment, but before the change in the rule.  Consequently, the procedural aspects of this case are governed by the 2002 version of Rule 3 and amended section 15-3-20.  
The 2002 form of Rule 3 provides that service may be proper so long as actual service is accomplished within a reasonable time after the summons and complaint are filed with the clerk of court and delivered to the sheriff.  However, section 15-3-20 plainly does away with a reasonable time analysis by providing actual service must be accomplished within 120 days after filing.  Our General Assembly drew a bold, bright, and unambiguous line.  This lucid and edictal change to section 15-3-20 leaves no room for equivocation over its meaning.  Indeed, the efficacy of amended 15-3-20 is proved by the note to new Rule 3 which expressly states the rule was revised to bring it into conformity with the legislatures intent in altering the statute in 2002.    
The Pressleys did not meet the 120-day deadline.  The bill that amended section 15-3-20 provided: This act takes effect upon approval by the Governor and applies to causes of action filed on or after this acts effective date.  Act No. 281, 2002 S.C. Acts 2726.  Act No. 281 became law on May 24, 2002.  Indubitably, the amendment was in effect when the Pressleys filed their action on May 31, 2002.  Actual service was not complete until the final publication on October 2, 2002.  Compliance with section 15-3-20 would have required the Pressleys to accomplish service by September 28, 2002, 120 days after May 31.  Thus, because the Pressleys failed to satisfy the statute of limitations, summary judgment was properly granted. 
V.  CONCLUSION
The chronological evolution of the statute and rule reveals a judicial progression to the status of the mandatory provision in the statute: A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing.  S.C. Code Ann. section 15-3-20(B) (2005).  The applicability of precedent, statutory construction principles, and a commonsensical analysis bring me to the ineluctable conclusion that the statutory language is efficacious and controlling.  In contrariety to the majority opinion, I hold that section 15-3-20(B) is an absolute and mandatory revelation of legislative intent that a reasonable time is delimited by a calendar application of 120 days.  Section 15-3-20 creates a bright-line test.  In simplistic terms, the rule amendment by the South Carolina Supreme Court evidences a concurrent response to reflect the legislative intent expressed by the South Carolina General Assembly in the amendatory language encapsulated in section 15-3-20.