23890

Douglas STOKES, as personal representative of the estate of Janie Mae Stokes, Appellant/Respondent v. DENMARK EMERGENCY MEDI-CAL SERVICES, Bamberg County Memorial Hospital, Bamberg County Emergency Medical Services, and Donna Haley, M.D., Defen-dants, of whom Denmark Emergency Medical Services is the Respon-dent/Appellant.

(433 S.E. (2d) 850)

Supreme Court

*John A. Martin,* of *Winnsboro, Ernest A. Finney, III,* of Sumter, and *James B. Richardson, Jr.,* and *Gerald F. Smith, Svalina, Richardson & Smith,* Columbia, *for appellant/respondent.*

*Doyet A. Early III,* of *Early, Kemp & Ness,* Bamberg, *for respondent/appellant.*

Heard May 5, 1993.

Decided July 6, 1993.

MOORE, Justice:

This is a wrongful death action brought by the estate of Janie Mae Stokes (Estate). The jury awarded the Estate $3,300.00. The trial judge granted a new trial *nisi* additur to $75,000.00, which Respondent/Appellant Denmark Emer-

gency Medical Services (Denmark EMS) declined. Both parties appeal. We affirm.

## FACTS

On October 5, 1990, the Denmark Emergency Medical Services (Denmark EMS) was called after family members could not wake Mrs. Stokes. Mrs. Stokes was a diabetic who required dialysis three days a week for three and one-half hours each day. The week prior to her death, Mrs. Stokes had missed two days of dialysis.

Denmark EMS transported Mrs. Stokes to the nearest hospital, Bamberg County Memorial Hospital, in eight minutes. Bamberg Hospital does not have a dialysis machine. Mrs. Stokes's nephrologist, Dr. DiBona, worked out of Aiken which was an hour's drive. After transporting Mrs. Stokes, Denmark EMS left the hospital. The emergency room doctor, Dr. Donna Haley, spoke with Dr. DiBona and they agreed Mrs. Stokes should be transported to Aiken.

At approximately noon, Dr. Haley called Denmark EMS for the transportation. She did not tell Denmark EMS that the transportation was an emergency. Denmark EMS could not find an available driver and did not invoke an agreement it had with Bamberg EMS to provide emergency service when necessary. Eventually a private ambulance service company provided transportation and Mrs. Stokes arrived in Aiken at 3:30 p.m. She died of cardiac arrest at 4:55 p.m.

The Estate brought this action against Bamberg EMS, Denmark EMS, Bamberg Hospital and Dr. Haley. A directed verdict was granted as to Bamberg EMS. The jury returned a verdict only against Denmark EMS for $3,300.00. The Estate moved for a new trial *nisi* additur or a new trial as to damages only. The trial judge granted the new trial *nisi* additur to $75,000.00. Denmark EMS refused to agree to the additur.

The Estate appeals the trial judge's denial of a new trial as to damages only. Denmark EMS appeals the trial judge's denial of its motions for a directed verdict and judgment notwithstanding the verdict (JNOV).

## ISSUE

1. Was S.C. Code Ann. § 15-33-125 (Supp. 1992) unconstitionally enacted?

2. Did the trial judge err in denying Denmark EMS's motions for directed verdict and JNOV?

## DISCUSSION

1) Unconstitutionality

The Estate contends the trial judge erred in denying ■ its motion for a new trial as to damages only pursuant to S.C. Code Ann. § 15-33-125 (Supp. 1992). Section 15-33-125 limits new trials on the issue of damages to situations where the plaintiff is entitled to a directed verdict on the issue of liability. The Estate argues this section is unconstitutional because the General Assembly infringed· upon the judiciary power in enacting it . We disagree.

Article 1, Section 8, of the South Carolina Constitution states the powers of the legislative, executive, and judicial powers of the government are to be separate. Therefore, the General Assembly cannot assume the exercise of judicial power. *State ex rel McLeod v. Yonce*, 274 S.C. 81, 261 S.E. (2d) 303 (1979).

The Estate contends only the Court can propose ■ changes in practice and procedure under Section 4A of article V of the South Carolina Constitution. This section provides in pertinent part:

All rules and amendments to rules governing practice and procedure in all courts of this State *promulgated by the Supreme Court* must be submitted by the Supreme Court to the Judiciary Committee of each House of the General Assembly during a regular session, but not later than the first day of February during each session. . . .

(Emphasis added.) The Estate argues § 15-33-125, which effectively amends Rule 59, SCRCP, was enacted unconstitutionally because the Supreme Court did not promulgate it. We disagree. This section of the Constitution merely sets forth the procedure for the Court to follow when it promulgates rules and amendments. It does not restrict promulgation only to the Court.

Furthermore, Section 4 of Article V of the South Carolina Constitution provides in pertinent part: "The Supreme Court shall make rules governing the administration of all the courts of the State. *Subject to the statutory law*, the Supreme Court

shall make rules governing the practice and procedure in all such courts." The clause "subject to the statutory law" establishes the intent to subordinate to the General Assembly the Court's rulemaking power in regard to practice and procedure.

We do not interpret § 15-33-125 as an infringement upon the authority of this Court to promulgate rules. As we hold § 15-33-125 is constitutional, the trial judge did not err in denying the Estate's motion for a new trial on damages only.

2) Directed Verdict and JNOV

On its cross-appeal, Denmark EMS argues the trial judge erred in denying its motions for a directed verdict and JNOV. Demmark EMS waived the right to object to the denial of its first directed verdict motion which it made after the Estate's case when it presented evidence after the denial. *Baker v. Chavis*, 306 S.C. 203, 410 S.E. (2d) 600 (Ct. App. 1991) (citing H. Lightsey & Flanagan, South Carolina Civil Procedure at 370 (1985)). Therefore, this Court must look at all of the evidence introduced in reviewing Denmark EMS's appeal of the denial of its second motion for directed verdict made after the close of all of the evidence.

At trial, the Estate proceeded on the theory that Mrs. Stokes's death was proximately caused by the failure to treat her for a drug reaction. Furthermore, the Estate introduced evidence that Mrs. Stokes could have been successfully treated at Bamberg. Following the close of the Estate's case, Denmark EMS moved for a directed verdict on the ground the estate had failed to show that its failure to transport Mrs. Stokes to Aiken proximately caused her death. This motion was denied.

Subsequently, in presenting its defense, Denmark EMS introduced evidence that Mrs. Stokes's death was caused by a lack of dialysis which she could have only obtained had she been transported to Aiken. In ruling on a motion for directed verdict, it is the duty of the court to view the evidence and all reasonable inferences in the light most favorable to the nonmoving part. *Horton v. Greyhound Corp.*, 241 S.C. 430, 128 S.E. (2d) 776 (1962). Thus, we find there was evidence the lack of transportation to Aiken could have proximately caused Mrs. Stokes's death and the issue was properly

submitted to the jury.

We need not address whether the verdict is so grossly inadequate so as to require the granting of a new trial absolute. Since Denmark EMS refused the new trial *nisi* additur, a new trial absolute is granted either way.

Affirmed.

HARWELL, C.J., CHANDLER, TOAL, JJ., and C. TOLBERT GOOLSBY, JR., Acting Associate Justice, concur.