732 S.E.2d 395

Edward MIMS, by and through his legal guardian,
Margaret MIMS, Appellant,

v.

BABCOCK CENTER, INC., Judy Johnson, the South Carolina
Department of Disabilities and Special Needs, Kathi Lacy
and Stanley Butkus, Respondents.

No. 27160.

Supreme Court of South Carolina.

Heard March 21, 2012.
Decided Aug. 15, 2012.

Patricia Logan Harrison, of Columbia, and Peter D. Proto-papas and Brian D. Newman, of Rikard & Protopapas, of Columbia, for Appellant.

Christian Stegmaier, Joel W. Collins, Jr., and Amy L. Neuschafer, of Collins & Lacy, of Columbia, and William H. Davidson, II and Kenneth P. Woodington, of Davidson & Lindemann, of Columbia, for Respondents.

Justice BEATTY.

Margaret Mims (Mims), as guardian ad litem for her son, Edward Mims (Edward), filed a complaint against the Babcock Center and others alleging Edward sustained physical injuries and was mistreated while under their care. The circuit court dismissed the complaint based on issues related to timeliness of service and the application of S.C.Code Ann. § 15-3-20(B) (2005). Mims appeals. We reverse and remand.

## I. FACTS

Edward, an adult, has severe mental and physical disabilities. On May 29, 2007, Mims, as guardian ad litem for Edward, filed a summons and complaint with the Richland County Court of Common Pleas against eight defendants.[1] Mims asserted various claims arising from the mistreatment, including a sexual assault, which Edward allegedly endured while under the care and supervision of the Babcock Center and the South Carolina Department of Disabilities and Special Needs (DDSN).

It is undisputed that this complaint was never served. However, an attorney from Collins & Lacy wrote to Mims's counsel on July 5, 2007 and stated the firm was the general

---

1. The eight named defendants were the Babcock Center, Inc., Judy Johnson, Tonya Bradford, Craig Stoxen, Sue Slater, Stanley Butkus, Susan Bowling, and the South Carolina Department of Health and Human Services.

counsel for the Babcock Center, that they had received a copy of the summons and complaint filed with the Court of Common Pleas, and that they "will be defending [the] Babcock Center, Dr. Johnson, Ms. Bradford, Mr. Stoxen, and Ms. Slater in this action." Counsel stated the letter was to memorialize a phone conversation with Mims's attorney on June 29, 2007, in which it was confirmed there had been no service of the pleading to date.

On May 7, 2008, almost one year later, Mims filed a summons and an "Amended Complaint" against five defendants: the Babcock Center, Inc., Judy Johnson, DDSN, Kathi Lacy, and Stanley Butkus (Defendants). The new complaint retained three of the eight original defendants (Babcock Center, Johnson, and Butkus) while adding two new ones (DDSN and Lacy).

Mims re-alleged in the amended complaint that Edward had been physically injured and mistreated while under the care of Defendants, and she asserted claims for the violation of 42 U.S.C. §§ 1983, 1985, and 1988; negligent supervision; violation of the Americans with Disabilities Act and the Rehabilitation Act; and unjust enrichment. Defendants were all served a few days later, on May 12, 2008.

Defendants filed two separate motions to dismiss the amended complaint on or about June 9, 2008. One motion was filed by the Babcock Center and Johnson; the other was filed by DDSN, Lacy, and Butkus. A hearing was held on the motions on March 30, 2009, at which time the trial court indicated from the bench that the motions were denied. Defendants DDSN, Lacy, and Butkus filed an answer dated April 10, 2009 in response to the amended complaint. Defendants Babcock Center and Johnson thereafter filed their answer dated April 17, 2009.

By order filed June 4, 2009, the trial court formally denied Defendants' motions to dismiss Mims's amended complaint. Upon Defendants' motions to alter or amend, the trial court held another hearing on September 4, 2009 and thereafter granted Defendants' motions to dismiss, without prejudice, by order filed November 23, 2009. The trial court's primary finding was that Mims had failed to serve her summons and

complaint within 120 days of filing as required by section 15–3–20(B) of the South Carolina Code.

In the order granting a dismissal, the trial court explained that it had initially denied Defendants' motions to dismiss based on judicial economy, as Mims could simply re-file her complaint. The trial court stated Mims had filed her original complaint in May 2007, but did not serve it, and the amended complaint was filed under the same file number, 07–CP–40–3365 almost a year later, in May 2008. The trial court concluded neither the original complaint nor the amended complaint was served within 120 days of the filing of the action denominated 07–CP–40–3365 *in May 2007*; therefore, the civil action was not commenced within 120 days in accordance with S.C.Code Ann. § 15–3–20(B).

The trial court stated, "As a result of the Plaintiffs failure to accomplish service within 120 days and commence the civil action, there was no suit in existence in which an Amended Complaint could be filed. Therefore, the filing and service of the Plaintiff's Summons and Amended Complaint in May 2008 bearing case action number 07–CP–40–3365 constituted a legal nullity."

The trial court additionally found dismissal of the case was warranted for "insufficien[c]y of process under Rule 12(b)(4) and insufficiency of service of process under Rule 12(b)(5)" of the South Carolina Rules of Civil Procedure because service of the original complaint was never attempted and service of the amended complaint was "ineffective." The trial court further found that, "[a]s an additional result" of Mims's failure to accomplish service within 120 days and to properly commence a civil action, "subject matter and personal jurisdiction have not properly attached, and as such this case is also being dismissed under Rule 12(b)(1) and Rule 12(b)(2)." Finally, the trial court found the failure to prosecute the case additionally justified dismissal of the action under Rule 41(b), SCRCP. Mims's motion to alter or amend was denied. Mims appeals.

## II. LAW/ANALYSIS

On appeal, Mims asserts (1) the South Carolina General Assembly intended S.C.Code Ann. § 15–3–20 to extend the time for service of a complaint by 120 days after the end of the

statute of limitations, as provided by Rule 3(a), SCRCP, and it does not impose additional, more restrictive requirements for service within 120 days of filing, a process which would effectively shorten the statute of limitations; (2) equitable or statutory tolling for persons with disabilities prevents dismissal of the complaint; (3) the circuit court erred in relying upon Rule 41(b), SCRCP, regarding dismissal for failure to prosecute; and (4) Rule 15(a), SCRCP allows a party to amend his or her pleadings any time before a responsive pleading is filed without leave of court, and it does not require a plaintiff to serve the original complaint in cases where the amended complaint was filed and served before an answer to the original complaint was ever served.

In contrast, Defendants argue that, reading Rule 3(a), SCRCP and section 15-3-20 together, to properly commence a civil action, actual service must be accomplished in *all* cases within one hundred twenty days of filing the summons and complaint. They contend that, because Mims did not serve her original or her amended summons and complaint within 120 days of filing the original summons and complaint in *May 2007*, the amended complaint was a nullity under section 15-3-20. Therefore, the trial court properly dismissed the action pursuant to Rules 12(b)(1), (2), (4), and (5) and the failure to prosecute under Rule 41(b).

Section 15-3-20 of the South Carolina Code governs the commencement of actions. In 2002, the General Assembly amended the statute to its current form, and it now provides:

(A) Civil actions may only be commenced within the periods prescribed in this title after the cause of action has accrued, except when, in special cases, a different limitation is prescribed by statute.

(B) A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing.

S.C.Code Ann. § 15-3-20 (2005).

In 2004, in direct response to the legislative change in section 15-3-20(B), this Court amended Rule 3(a) of the South Carolina Rules of Civil Procedure to read as follows:

**(a) Commencement of civil action.** A civil action is commenced when the summons and complaint are filed with the clerk of court if:

(1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or

(2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.[2]

As stated in the official notes to the rule, this Court amended Rule 3, SCRCP in 2004 "to reflect the legislative intent expressed in § 15–3–20 as amended by 2002 S.C. Act No. 281, § 1." Note to 2004 Amendment, Rule 3, SCRCP. The 2004 amendment to Rule 3 "rewrote subsection (a), deleted subsection (b) ["Tolling of Statute of Limitations"], and renumbered subsection (c) ["Filing of In Forma Pauperis"] as subsection (b)." *Id.*

▇▇▇ In the current appeal, the trial court read section 15–3–20(B) to require actual service to be made within 120 days of filing in *all* cases. However, under this interpretation, an action filed and served within the statute of limitations could be deemed untimely and subject to dismissal. In amending Rule 3(a), SCRCP, this Court recognized that the legislative intent in amending section 15–3–20(B) in 2002 was to provide a safety net for cases where filing of the summons and complaint occurs near the end of the statute of limitations and service is made after the limitations period has run. The statute and the rule, read together, provide that (1) an action is commenced upon filing the summons and complaint, if service is made within the statute of limitations, and (2) if filing but not service is accomplished within the statute of limitations, then service must be made within 120 days of *filing.*

We note this differs from both (1) the trial court's and Defendants' interpretation (that service must be made in *all* cases within 120 days of filing) and (2) Mims's position (that service must be made within 120 days after the expiration of

---

2. Rule 3 was again amended in 2011, but the change did not affect subsection (a). *See* Note to 2011 Amendment, Rule 3, SCRCP (noting the addition of Rule 3(b)(2), which allows the waiver of filing fees in certain instances).

the statute of limitations). The legislative intent must prevail, and in amending Rule 3(a), SCRCP, this Court has interpreted and applied the statute in a manner that furthers that legislative intent.

In amending Rule 3(a), SCRCP, this Court clearly stated the 120–day period begins running from the *filing* of the complaint, not after the end of the statute of limitations period as argued by Mims. The 120–day period only has relevance if service is accomplished outside of the statute of limitations. When service occurs outside of the statute of limitations it must occur within 120 days of filing the complaint.

Applying these provisions to the case before us, we conclude the trial court erred in finding Mims's amended complaint should be dismissed for failure to serve it within 120 days of filing the original complaint. *See* S.C.Code Ann. § 15–3–20(B); Rule 3(a), SCRCP. Moreover, we agree with Mims that, contrary to Defendants' assertion, Rule 15(a), SCRCP does allow the filing and service of an amended complaint without leave of court, even if the original complaint has not been served, because a party may amend her pleadings once without leave of court before a responsive pleading is served, and no responsive pleading had been served by Defendants prior to Mims's service of the amended complaint. *See* Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course *at any time before* or within 30 days after *a responsive pleading is served* or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within 30 days after it is served." (emphasis added)).

■ To the extent the trial court further found the alleged absence of proper service resulted in a lack of personal and subject matter jurisdiction and a failure to prosecute, we reverse these findings as they are premised on the perceived error regarding service. Moreover, we note the failure of proper service does not impact the court's subject matter jurisdiction, in any event. *Cf. Skinner v. Westinghouse Elec. Corp.*, 380 S.C. 91, 93, 668 S.E.2d 795, 796 (2008) (observing subject matter jurisdiction is defined as "the power to hear and determine cases of the general class to which the proceedings in question belong" and holding the circuit court erred in

ruling it lacked subject matter jurisdiction where the alleged error concerned the failure to properly serve a notice of appeal on the South Carolina Workers' Compensation Commission (quoting *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994))).

## III. CONCLUSION

Based on the foregoing, we reverse the trial court's dismissal of Mims's complaint and remand this matter for further proceedings consistent with this opinion.[3]

**REVERSED AND REMANDED.**

TOAL, C.J., and HEARN, J., concur. KITTREDGE, J., concurring in a separate opinion. PLEICONES, J., dissenting in a separate opinion.

Justice KITTREDGE.

I join Justice Beatty's excellent majority opinion save the Rule 15, SCRCP, analysis. I agree with Justice Pleicones' view of Rule 15's inapplicability to this case, which does not affect the disposition of this appeal. I further note this procedural morass stems from Appellant's desire to avoid the payment of a filing fee when she filed the "Amended Complaint" under the 2007 civil action number. Under the circumstances, I do not view the 2008 complaint as a nullity. Because that complaint was filed and served within the statute of limitations, dismissal is not warranted. I would merely require the payment of a filing fee and a new civil action number.

Justice PLEICONES.

I respectfully dissent and would affirm the appealed order finding that because appellant failed to actually serve the complaint within 120 days of filing, the 2007 action ended, and

---

3. This Court need not reach Mims's remaining argument that the pleadings were not subject to dismissal based on Edward's disability. The trial court stated in its final order that a ruling on the applicable statute of limitations "is premature"; therefore, no ruling was made in this regard that is subject to this Court's review.

thus no action was commenced to which the 2008 amended complaint could attach. S.C.Code Ann. § 15–3–20 (2005).

Section 15–3–20(B) provides "A civil action is commenced when the Summons and Complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing." Appellant's complaint was filed on May 29, 2007, and never served. Under the plain language of § 15–3–20(B), the action identified as 07–CP–40–3365 was never commenced.

As explained below, nothing in Rule 3, SCRCP, can affect this conclusion regarding the May 2007 complaint. Rule 3(a) provides that "A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law." The May 2007 complaint has never been served, and accordingly, even pursuant to Rule 3(a), SCRCP, the action identified as 07–CP–40–3365 has never been commenced. Moreover, appellant's service in May 2008 of a document denominated "Amended Complaint" in action 07–CP–40–3365 was a nullity. Rule 15, SCRCP, governs amended pleadings. Rule 15(a) permits a party to "amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed on the trial roster, he may so amend it at any time within 30 days after it is served." The plain language of Rule 15(a) allows an amendment only of a pleading which has been served. *See also* Rule 15(c), "Relation Back of Amendments." Nothing in our Rules or statutes recognizes an amended pleading where no other pleading has been served. This is especially so when the pleading relates to an action which has not even been commenced.

The majority suggests that we should read § 15–3–20(B) and Rule 3(a), SCRCP, together, and conclude that (1) an action is commenced upon filing of the summons and complaint, if service is accomplished within the statute of limitations, but (2) that if filing but not service is done within the statute, then actual service must be made within 120 days of

filing. I agree with the second statement, but find the first statement ignores the plain language of § 15–3–20(B).

Section 15–3–20(B) establishes the date of commencement as the date of filing with the clerk if actual service occurs within 120 days after filing. Since § 15–3–20(A) provides that an action must be commenced within the statute of limitations, read together, subsections (A) and (B) compel the same result as Rule 3(a)(2) when the complaint is filed near the end of the limitations period: so long as an action is filed within the statute of limitations, and actual service is accomplished within 120 days after filing, the action is deemed to have been commenced within the statute of limitations.

Where, as here, the action is sought to be commenced more than 120 days before the expiration of the statute of limitations, there is an irreconcilable conflict between Rule 3(a) and § 15–3–20. Rule 3(a) permits a complaint filed more than 120 days before expiration of the statute of limitations to be served at any time before the statute expires. Where, for example, there is a three-year statute, Rule 3(a) would find the action commenced where the complaint was filed on January 1, Year One but not served until December 31, Year Three. On the other hand, § 15–3–20(B) requires that a complaint filed January 1, Year One be actually served by May 1 (April 30 in a leap year), Year One, that is, within 120 days of filing, in order for the action to be properly commenced. Where the question is one of practice and procedure in the courts, a court rule is subordinate to the statutory law. *Stokes v. Denmark Emerg. Med. Serv.*, 315 S.C. 263, 433 S.E.2d 850 (1993), citing S.C. Const. art. V, § 4. Where the mandate of § 15–3–20(B), requiring actual service within 120 days of filing, is not met, the action cannot be saved by application of Rule 3(a)(1). *Stokes, supra.*

I respectfully dissent, and would affirm the appealed order dismissing this suit without prejudice.