THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ludivine Renaud, Appellant,

v.

Jason Woods, Respondent.

Appellate Case No. 2021-000590

Appeal From Charleston County
Spiros S. Ferderigos, Family Court Judge

Unpublished Opinion No. 2023-UP-351
Submitted October 2, 2023 – Filed November 1, 2023

**REVERSED AND REMANDED**

William Sylvester Hammett, III, of Cobb Dill & Hammett, LLC, of Mount Pleasant, for Appellant.

Mary J. Murray, and Keely M. Carter, both of Murray Family Law, LLC, of Charleston, for Respondent.

**PER CURIAM:** Ludivine Renaud (Mother) appeals the family court's order dismissing her case because she failed to serve Jason Woods (Father) within 120 days from filing. In addition, the family court found the case was not ripe for a final hearing because (1) the parties failed to mediate and (2) Father filed a motion

to modify child support that had not yet been adjudicated or scheduled with the court. We reverse and remand.

1. We hold the family court erred in dismissing Mother's case based on Rule 3(a)(2) of the South Carolina Rules of Civil Procedure. *See* Rule 3(a) ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."). The 120-day period is a grace period and *not* a limitation on the time parties can serve their summons and complaint after filing when the statute of limitations is not at issue. *See Mims ex rel. Mims v. Babcock Ctr., Inc.*, 399 S.C. 341, 346, 732 S.E.2d 395, 397 (2012) ("In amending Rule 3(a), SCRCP, this Court recognized that the legislative intent in amending section 15-3-20(B) [of the South Carolina Code] in 2002 was to provide a safety net for cases where filing of the summons and complaint occurs near the end of the statute of limitations and service is made after the limitations period has run."); *id.* at 347, 732 S.E.2d at 398 ("The 120-day period only has relevance if service is accomplished outside of the statute of limitations."). There is no statute of limitations for petitioning a name change, and therefore, Rule 3(a)(2) does not apply. *See* S.C. Code Ann. § 15-49-10 (2005) ("A parent who desires to change the name of his minor child may petition, in writing, a family court judge in the appropriate circuit. The other parent, if there is not one then the child, must be named as a party in the action unless waived by the court. The court shall appoint a guardian ad litem to represent the child. The court shall grant the petition if it finds that it is in the best interest of the child.").

2. We hold the family court erred in dismissing Mother's case based on issues of ripeness. More specifically, the family court dismissed Mother's case for failure to mediate and failure to adjudicate or schedule Father's pending motion. The case did not present issues of ripeness necessitating dismissal of the case. *See Pee Dee Elec. Coop., Inc. v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983) ("A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute."). Because Mother's case dealt with a "real and substantial" controversy, the court erred in dismissing the case.

3. To the extent Mother argues the family court erred in requiring her to mediate despite an order to the contrary, we decline to address that issue because an order requiring mediation is not appealable. *See Ex parte Wilson*, 367 S.C. 7, 12, 625

S.E.2d 205, 208 (2005) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final.").

**REVERSED AND REMANDED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.