**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Latisha Wallace, individually, and as Parent and Natural Guardian of A.W. (minor under the age of fourteen years old) and Donald Wallace, Jr., Appellants,

v.

Jawhar Hamin, Respondent.

Appellate Case No. 2024-000165

———————

Appeal From Lexington County
H. Steven DeBerry, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-054
Submitted January 30, 2025 – Filed February 12, 2025

———————

**AFFIRMED**

———————

Patrick O'Shaughnessy Fraser, of O'Shaughnessy Law, LLC, of North Charleston, for Appellants.

Peter E. Farr, of Murphy & Grantland, PA, of Columbia; and Andrew James MacLeod and Helen Ann Siegling Thrower, both of Willson Jones Carter & Baxley, P.A., of Columbia, all for Respondent.

———————

**PER CURIAM:** Latisha Wallace, individually, and Donald Wallace, Jr. (Appellants) appeal the circuit court's order granting Jawhar Hamin's motion to dismiss. On appeal, Appellants argue the circuit court erred in granting Hamin's motion to dismiss because although they were unable to complete service within 120 days following the filing of the summons and complaint, they acted with due diligence in attempting to effectuate service of the complaint and they moved for service by publication in a reasonable amount of time. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in granting Hamin's motion to dismiss because although the record shows Appellants attempted to timely serve Hamin several times within the 120-day timeframe, they failed to ever effectuate service or even move to serve by publication until after the expiration of the 120-day timeframe, and in the case of the motion to serve by publication, after Hamin moved to dismiss the case. *See* S.C. Code Ann. § 15-3-20(B) (2005) ("A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing."); Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."); *Mims ex rel. Mims v. Babcock Center, Inc.*, 399 S.C. 341, 347, 732 S.E.2d 395, 398 (2012) ("When service occurs outside of the statute of limitations it must occur within 120 days of filing the complaint."). To the extent Appellants argue Hamin waived the service issue when his counsel filed an answer, we hold this argument is not preserved for appellate review because it was not raised with sufficient specificity or ruled upon by the circuit court. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] court to be preserved for appellate review."). Further, even if any potential waiver of service issue is preserved for appellate review, Appellants failed to provide the answer in the record on appeal in order for the court to determine whether Hamin waived service of the summons and complaint by filing an answer. *See Hamilton v. Greyhound Lines East*, 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.