**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

RS&A Piping & Fabrication, Inc. a/k/a R. S. & A Piping, Inc., Appellant,

v.

Ronald D. Kirby, Dylan T. Kirby, Treasurer For Marlboro County, and Danny T. Williams, Respondents.

Appellate Case No. 2022-001791

———————

Appeal From Marlboro County
Roger E. Henderson, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-085
Submitted February 1, 2025 – Filed March 12, 2025

———————

**REVERSED AND REMANDED**

———————

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia, for Appellant.

Jon Rene Josey, of Turner Padget Graham & Laney, PA, of Florence; and Allison Truitt Burch, of Spencer Law Firm, of Chesterfield, both for Respondents Ronald D. Kirby, Dylan T. Kirby, and Danny T. Williams.

Andrew Foster McLeod, of McLeod & Ruffner, of Cheraw; and Andrew F. Lindemann, of Lindemann Law

Firm, P.A., of Columbia, both for Respondent Treasurer
For Marlboro County.

---

**PER CURIAM:** RS&A Piping and Fabrication, Inc. (RS&A Piping) appeals the circuit court's order dismissing its action to set aside a tax sale conducted by the Marlboro County Delinquent Tax Collector (Marlboro County) and for conversion against Ronald D. Kirby, Dylan T. Kirby, and Danny T. Williams. On appeal, RS&A Piping argues the circuit court erred in finding the statute of limitations barred its action to set aside the tax sale and dismissing its action for conversion based upon its statute of limitations determination. We reverse and remand pursuant to Rule 220(b), SCACR.

We hold the circuit court erred when it found the statute of limitations precluded RS&A Piping's action to set aside the tax sale because Marlboro County failed to strictly comply with statutory notice requirements in its mailing of the redemption notice, a fundamental defect, which rendered the statute of limitations inapplicable. *See Folk v. Thomas*, 344 S.C. 77, 80, 543 S.E.2d 556, 557 (2001) ("An action to set aside a tax deed is in equity."); *id.* ("Therefore, [an appellate c]ourt may take its own view of the preponderance of the evidence."); *Dearybury v. Dearybury*, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002) ("[W]hen an appellate court chooses to find facts in accordance with its own view of the evidence, the court must state distinctly its findings of fact and the reason for its decision."); *Smith v. Barr*, 375 S.C. 157, 160, 650 S.E.2d 486, 488 (Ct. App. 2007) (explaining "this scope of review does not require [appellate courts] to disregard the [circuit court]'s factual findings because the [circuit court] saw and heard witnesses and was in a better position to judge their credibility and demeanor"). The statute setting forth the requirements for mailing the redemption notice following a tax sale requires the notice be sent "neither more than forty-five days nor less than twenty days before the end of the redemption period"; however, Marlboro County mailed the redemption notice at least forty-seven days before the end of the redemption period. *See* S.C. Code Ann. § 12-51-120 (2014) ("Neither more than forty-five days nor less than twenty days before the end of the redemption period for real estate sold for taxes, the person officially charged with the collection of delinquent taxes shall mail a notice . . . to the defaulting taxpayer . . . ."). Although RS&A Piping filed its action to set aside the tax sale over two years after the tax sale concluded, tax sales are required to be in strict compliance with statutory requirements. *See* S.C. Code Ann. § 12-51-160 (2014) ("An action for the recovery of land sold pursuant to this chapter or for the recovery of the possession must not be maintained unless brought within two years from the date of the sale as

provided in [s]ection 12-51-90(C) [of the South Carolina Code (2014)]."); § 12-51-90(C) ("If the defaulting taxpayer . . . fails to redeem the item of real estate sold at the delinquent tax sale within the twelve months provided in subsection (A) and after the passing of an additional twelve months, the tax deed issued is incontestable on procedural or other grounds."); *Forfeited Land Comm'n of Bamberg Cnty. v. Beard*, 424 S.C. 137, 145, 817 S.E.2d 801, 804 (Ct. App. 2018) ("This [c]ourt has consistently held the enforcing agencies of government to strict compliance with all the legal requirements surrounding tax sales." (alteration in original) (quoting *Dibble v. Bryant*, 274 S.C. 481, 483, 265 S.E.2d 673, 675 (1980))). In fact, actual notice of the tax sale is insufficient to overcome lack of adherence to the statutory notice requirements. *See In re Ryan Inv. Co.*, 335 S.C. 392, 395, 517 S.E.2d 692, 693 (1999) ("Even actual notice is insufficient to uphold a tax sale absent strict compliance with statutory requirements."). When there is a failure to provide the required statutory notice, the defect is jurisdictional, preventing the statute of limitations from running. *See Beard*, 424 S.C. at 146, 817 S.E.2d at 805 ("A number of courts have indicated that when a tax sale is not held in strict compliance with [statutory requirements], such a defect is jurisdictional and the statute of limitations may not run at all."); *id.* at 148, 817 S.E.2d at 806 ("[T]he failure to provide the required statutory notice is the type of jurisdictional defect . . . that renders the tax sale void and the statute of limitations inapplicable."). Because the statute explicitly provided that the notice must be sent no more than forty-five days before the end of the redemption period and Marlboro County failed to strictly comply with this requirement, the tax sale was rendered void and the statute of limitations inapplicable. *See id.* at 145, 817 S.C. at 804 ("[A]ll requirements of the law leading up to tax sales [that] are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded [as] mandatory and are to be strictly enforced." (alteration in original) (quoting *Donohue v. Ward*, 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct. App. 1989))). Based on the foregoing, we reverse the circuit court's order finding the statute of limitations barred RS&A Piping's action to set aside the tax sale. Furthermore, because the circuit court dismissed RS&A Piping's action for conversion on the basis of the statute of limitations barring its claim to set aside the tax sale, we also reverse the court's dismissal of the conversion claim and remand for further proceedings consistent with this opinion.[1] *Mims ex rel. Mims v.*

_____

[1] Because we hold the court erred in finding the statute of limitations barred RS&A Piping's action on the basis of a jurisdictional defect and its concomitant dismissal of the conversion claim, we have not addressed its remaining arguments as to whether the statute of limitations only begins to run once the purchaser is put into possession of the property and whether Marlboro County had standing to seek

*Babcock Ctr., Inc.*, 399 S.C. 341, 347, 732 S.E.2d 395, 398 (2012) (reversing a trial court's ruling on service of process and findings related to lack of personal jurisdiction and failure to prosecute because those findings were "premised on the perceived error regarding service").

**REVERSED AND REMANDED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

dismissal of the conversion claim. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court does not need to address remaining issues when its resolution of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.